

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-09-00033-CR

_____

ERIC LAMOND DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 349th Judicial District Court
Houston County, Texas
Trial Court No. 08-CR-123

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

      Eric Lamond Davis was on trial in Houston County[1] for murder. After the first day of testimony, one of the jurors serving in Davis' trial was arrested on a hot-check charge pending in another county. Over Davis' objection, the trial court released the arrested juror from further service in this case, seated one of the two alternate jurors that had previously been selected, and overruled Davis' motion for mistrial.

      From a murder conviction and a life sentence, Davis appeals, asserting that the trial court erred in denying his motion for mistrial. We affirm the judgment, because by statute an alternate juror may replace a disqualified juror.

      In his sole point of error, Davis argues that "statutes do not allow an alternate juror to serve in place of a disqualified juror." We disagree.

      Article 33.011 allows a trial court to select up to four alternate jurors to "replace jurors who, prior to the time the jury renders a verdict on the guilt or innocence of the defendant . . . become or are found to be unable or *disqualified* to perform their duties . . . ." TEX. CODE CRIM. PROC. ANN. art 33.011(b) (Vernon Supp. 2008) (emphasis added).

      A person is disqualified from serving as a juror if he or she is under indictment or other legal accusation for misdemeanor theft or a felony. TEX. CODE CRIM. PROC. ANN. arts. 35.16, 35.19

---

[1]This case was transferred to this Court from the Twelfth District Court of Appeals in Tyler as part of the Texas Supreme Court's docket equalization program. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are not aware of any conflict between the precedent of the Tyler Court and the precedent of this Court on any issue relevant in this appeal. *See* TEX. R. APP. P. 41.3.

(Vernon 2006). In this case, no one disputes that the disqualified juror was "under indictment or other legal accusation for misdemeanor theft or felony" or that the alternate juror replaced the disqualified juror before the verdict. Accordingly, once the arrested juror was "found to be" disqualified, the trial court was required to, and did, excuse her from the jury. *See* TEX. CODE CRIM. PROC ANN. arts. 35.16, 35.19. The court then appropriately replaced her with an alternate juror. *See* TEX. CODE CRIM. PROC. ANN. art. 33.011(b). The trial court did not err.

We overrule Davis' point of error and affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:     September 15, 2009
Date Decided:       September 18, 2009

Do Not Publish